**Marcos GAXIOLA, Special Administrator of the Estate of Samuel Gaxiola, Plaintiff—Appellant,**

v.

**CITY OF RICHMOND POLICE DEPARTMENT; Jeffrey Kruger; Manjit Sappall, Defendants—Appellees.**

No. 03–16871.

D.C. No. CV–01–03358–SBA.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted April 15, 2005.

Decided April 28, 2005.

Carl B. Shapiro, Shapiro & Shapiro, San Anselmo, CA, for Plaintiff—Appellant.

Michael P. Clark, and Peter P. Edrington, Edrington, Schirmer & Murphy, Pleasant Hill, CA, for Defendants—Appellees.

Before NOONAN, THOMPSON, and RYMER, Circuit Judges.

MEMORANDUM *

The appellant, Marcos Gaxiola, administrator of the estate of Samuel Gaxiola,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

deceased (Gaxiola), appeals the district court's summary judgment in his 42 U.S.C. § 1983 wrongful death action against the City of Richmond Police Department and Detectives Manjit Sappal and Jeffrey Kruger. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision.

The appellant argues there is a genuine issue of material fact as to whether Gaxiola's continued operation of his car posed an immediate threat of striking Kruger after the car had already struck Kruger and knocked him backwards. Thus, he contends, the district court erred in concluding as a matter of law that the officers had probable cause to believe that, at the time Gaxiola was shot, he posed a significant threat of injury or death to Kruger, and thus there was no constitutional injury.

In considering this argument, we first ask whether: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer[s'] conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Excessive force during an arrest is judged by the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Factors relevant to this inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

We conclude that, according to the undisputed evidence, Kruger and Sappal were objectively reasonable in their use of deadly force against Gaxiola. The crimes

at issue were severe. Gaxiola was being arrested for drug dealing, and he attempted to use his car as a deadly weapon. Even if Kruger were standing by the driver's side door and not at the front of the vehicle at the time Gaxiola was shot, the threat to Kruger by Gaxiola's continued operation of the car was both serious and immediate. The officers reasonably believed that if they did not use deadly force at that time, the car would strike Kruger again, likely running him over. There is no evidence to the contrary. It was, therefore, not constitutionally unreasonable for the officers to use deadly force against Gaxiola. Because there was no constitutional violation, we need not reach the issue of qualified immunity.

**AFFIRMED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.